IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CINDI SHIPLEY, | ) CIVIL NO. 05-00145 JMS/BMK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF HAWAI'I, DEPARTMENT OF EDUCATION; MITSUGI NAKASHIMA, Chairman of the State of Hawai'I, Department of Education; PATRICIA HAMAMOTO, Superintendent of Public Schools; MILTON SHISHIDO, Principal of McKinley High School; GARY OYAMA, Principal of Kaimuki High School; ANNE PAULINO, Vice Principal of Kaimuki High School; CYNTHIA CHUN, Principal of King Intermediate; JOHN DOES 1-10 AND JANE DOES 1-10, | ) ORDER GRANTING IN PART AND ) DENYING IN PART ) DEFENDANTS' MOTION TO ) DISMISS FOR LACK OF SUBJECT ) MATTER JURISDICTION; ) GRANTING DEFENDANTS' ) MOTION TO DISMISS CAUSES OF ) ACTION I, II, AND IX AGAINST ) THEM IN THEIR INDIVIDUAL ) CAPACITIES; AND GRANTING ) GARY OYAMA'S MOTION TO ) DISMISS ) ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; GRANTING DEFENDANTS' MOTION TO DISMISS CAUSES OF ACTION I, II, AND IX AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES; AND GRANTING GARY OYAMA'S MOTION TO DISMISS

On December 29, 2005, Defendant Department of Education ("DOE"), together with the individually named Defendants in their official capacities (collectively, "State Defendants"), filed a Motion to Dismiss for Lack of

Subject Matter Jurisdiction ("State Defendants' Motion"). On the same day, Defendants Milton Shishido, Anne Paulino, and Cynthia Chun (collectively, "Individual Capacity Defendants") filed a Motion to Dismiss Causes of Action I, II, and IX Against Them in Their Individual Capacities ("Individual Capacity Defendants' Motion"). Also on December 29, 2005, Defendant Gary Oyama filed a Motion to Dismiss ("Oyama's Motion").

For the reasons stated herein, the court GRANTS IN PART and DENIES IN PART the State Defendants' Motion, GRANTS the Individual Capacity Defendants' Motion, and GRANTS Oyama's Motion. The court discusses each of these motions in turn.

## I. BACKGROUND

This case arises out of alleged discrimination and retaliation against Plaintiff Cindi Shipley ("Plaintiff" or "Shipley"), a teacher formerly employed by the DOE. Shipley's Complaint alleges that each Defendant is liable to the Plaintiff based on the following:

1. Title IX (sex discrimination);
2. Title IX (deliberate indifference);
3. Intentional Infliction of Emotional Distress;
4. 42 U.S.C. § 1981;

5. 42 U.S.C. § 1985;

6. 42 U.S.C. § 1986;

7. 42 U.S.C. § 1983;

8. Chapters 368 and 378 of the Hawaii Revised Statues;

9. Title VII (race discrimination);

10. Defamation, libel, and holding Plaintiff in a false light; and

11. Punitive Damages.

The court heard arguments on each of the Defendants' motions on May 30, 2006.

## II.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact.  *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

### III.  ANALYSIS

A.  State Defendants' Motion

The State Defendants assert Eleventh Amendment immunity as to Counts 3, 4, 5, 6, 7, 8, 10, and 11.  The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890).  The Eleventh Amendment also bars federal court actions against state agencies or instrumentalities.  *Shaw v. Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  Similarly, a suit for damages against a state official, in his or her official capacity, constitutes a suit against the state itself and therefore is barred by the Eleventh Amendment.  *Kentucky v. Grahm*, 473 U.S. 159, 166-67 (1985).

States, state agencies, and state officials may, however, be held to answer in federal court in two limited circumstances:  where the state waives its

sovereign immunity, and where Congress expressly abrogates state sovereign immunity with respect to a particular federal cause of action. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (noting that Eleventh Amendment immunity is waivable); *Quern v. Jordan*, 440 U.S. 332 (1979) (holding that Congress may abrogate Eleventh Amendment immunity in certain circumstances).

   Courts have not been entirely consistent on what state acts will constitute a waiver of Eleventh Amendment immunity.  This inconsistency stems from confusion as to whether the Eleventh Amendment is jurisdictional (i.e., whether an Eleventh Amendment defense may be raised at any time during a proceeding or whether a state must assert immunity as an affirmative defense in order to avoid waiver).  *See*, *e.g.*, *Cal. Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment Sovereign Immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."); *ITSI TV Prods. v. Agric. Assocs.*, 3 F.3d 1289, 1291-92 (9th Cir. 1993) (treating the Eleventh Amendment as an affirmative defense).  Regardless, the State Defendants have made a timely assertion of their Eleventh Amendment immunity.

Courts have been more consistent on the issue of Congressional abrogation of immunity. A federal statute providing a private cause of action does not subject states to suit in federal court unless the statute "explicitly and by clear language indicate[s] on its face an intent to sweep away the immunity of the States." *Quern*, 440 U.S. at 345. Absent such a clear statement, courts should not read federal statutes to abrogate the states' immunity.

### 1. **Federal law claims against State Defendants (Counts 4, 5, 6, and 7)**

Shipley's Complaint alleges that the State Defendants are liable under 42 U.S.C. §§ 1981, 1985, 1986 and 1983 (Counts 4, 5, 6, and 7). Shipley conceded at the May 30, 2006 hearing that many of her claims are barred by the Eleventh Amendment. She maintains, however, that the Eleventh Amendment does not bar claims for prospective relief against state officials in their official capacities. The court finds that Hawaii has not waived its Eleventh Amendment immunity, that none of the federal statutes abrogates Hawaii's immunity, and that the State Defendants share in the state's immunity. The Eleventh Amendment, therefore, bars the federal law claims against the State Defendants. However, to the extent Shipley seeks prospective relief against DOE officials in their official capacities, the Eleventh Amendment does not bar these claims.

    a. <u>Waiver</u>

As an initial matter, the State of Hawaii has not waived its immunity in this case, and the State Defendants timely asserted their Eleventh Amendment immunity. Without Hawaii's consent, these claims cannot proceed unless the statutes, pursuant to which Shipley sued, override the states' Eleventh Amendment immunity.

    b. <u>Abrogation of immunity by statute</u>

None of these statutes abrogates the states' immunity. Section 1981 guarantees to all persons the equal right to "enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all law and proceeding[.]" Section 1983 imposes liability on state actors who deprive a person of his or her civil rights.[1] Section 1985 prohibits conspiracies to deny anyone his or her civil rights, and § 1986 creates a cause of action against anyone who fails to prevent such conspiracies. None of these statutes expressly abrogates states' immunity from suit in federal court and courts have consistently held that the Eleventh Amendment bars these suits against the states. *See* 42 U.S.C. §§ 1981, 1983,

---

[1] The Supreme Court has held that neither a state agency nor a state official is a "person" under § 1983. *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 64, 71 (1989). The defendants, therefore, are not subject to liability under § 1983 even absent their Eleventh Amendment immunity.

7

1985, 1986; *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that § 1983 does not override a state's Eleventh Amendment immunity); *Cerrato v. San Francisco Cmty College Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars §§ 1983, 1985, and 1986 claims against the states); *Mitchell v. Los Angeles Cmty. Hospital*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Los Angeles Community College District was entitled to Eleventh Amendment immunity from the plaintiff's §§ 1981, 1983, and 1985 claims).

   c. <u>Application to State Defendants</u>

Though Shipley did not name the State of Hawaii as a defendant in this case, the DOE, as a agency of the state, shares in the state's Eleventh Amendment immunity. *Office of Hawaiian Affairs v. Dep't. of Educ.*, 951 F. Supp. 1484, 1492 (D. Haw. 1996) (holding that the DOE is a state agency entitled to Eleventh Amendment immunity). The Eleventh Amendment, therefore, bars Shipley's §§ 1981, 1983, 1985, and 1986 claims against the DOE, and also bars these claims against the individually named Defendants in their official capacities to the extent that Shipley seeks retrospective or compensatory damages. *Blaycock v. Schwinden*, 862 F.2d 1352, 1353 (9th Cir. 1988) ("[A] suit against state officials that seeks the payment of retroactive money damages, to be paid from the state

8

treasury, is barred by the eleventh amendment as a suit against the state."). Accordingly, the court grants the State Defendants' Motion to Counts 4, 5, 6, and 7 against the DOE, and against the individually named defendants in their official capacities for damages.

        d.  Injunctive relief

In addition to damages, Shipley seeks an injunction against the ongoing discrimination and retaliation she alleges.  To the extent that Shipley seeks prospective relief, the Eleventh Amendment does not bar her federal claims against the State Defendants.

*Ex parte Young*, 209 U.S. 123, 159-60 (1908), held that the Eleventh Amendment does not bar a suit to enjoin the unconstitutional actions of a state official.  *Young* held that a state official who acts in violation of federal law, though sued in his or her official capacity, is "stripped of his official or representative character" because "the state has no power to impart to him any immunity from responsibility to the supreme authority of the United States."  *Id.* The Supreme Court has limited the *Young* exception to suits for prospective relief against ongoing violations of federal law.  *Papasan*, 478 U.S. at 277-78.  Thus, relief that "serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment[.]" *Id.* at 278 (citing *Milliken v. Bradley*,

9

433 U.S. 267, 289-90, 97 (1977)). The Eleventh Amendment, therefore, does not bar Shipley's federal claims for prospective relief against the individually named defendants in their official capacities.[2]  The court, therefore, denies the State Defendants' Motion as to Counts 4, 5, 6, and 7 insofar as Shipley seeks prospective relief.

### 2. State law claims against the State Defendants (Counts 3 and 10)

Shipley also asserts two tort claims based on state law against the State Defendants: (1) intentional infliction of emotional distress (Count 3) and (2) defamation, libel, and holding plaintiff in a bad light (Count 10). The State Defendants argue that the Eleventh Amendment bars these claims. The court finds that the Eleventh Amendment bars Shipley's state law claims against the State Defendants, regardless of the relief sought.

As an initial matter, the State defendants argue that Hawaii has not consented to suit in federal court on Shipley's state law claims. The court agrees. Although the state has waived its sovereign immunity with respect to certain statutory and common law causes of action, it has not consented to suit in federal court. Hawaii Revised Statutes ("HRS") § 662-3 states that "the circuit courts of

---

[2]Though state officials are not persons under §1983, *Will v. Michigan Dept. of State Police*, 491 U.S. at 71, n.10, likewise acknowledges an exception allowing § 1983 actions to proceed against state officials sued for prospective relief.

the State and . . . the State district courts shall have original jurisdiction of all tort actions on claims against the state." HRS § 661-1 similarly grants the state courts jurisdiction over "[a]ll claims against the State founded upon any statute of the State[.]" Nothing in the language of these statutes suggests that Hawaii intended to subject itself to suit in federal court. Moreover, the Hawaii legislature has specifically declared that it intended §§ 662-3 and 661-1 to extend jurisdiction to state courts, but not to federal courts. *See* 1984 Haw. Sess. L. Act 135, § 1 at 258 ("The purpose of this Act is to . . . extend jurisdiction to district courts in tort actions . . . and certain other claims against the State . . . and not to extend jurisdiction for such actions and claims to federal district courts.") *See also Office of Hawai'ian Affairs vs. Dep't. of Educ.*, 951 F. Supp. 1484, 1491 (D. Haw. 1996) (discussing both plain language and legislative intent and holding that §§ 661-1 and 662-2, which waived the state's immunity for torts committed by its employees, do not waive the state's Eleventh Amendment immunity). Therefore, Hawaii has not waived its sovereign immunity and the Eleventh Amendment bars these state law claims against the State Defendants.

   To the extent that Shipley seeks prospective relief with respect to her state law claims, there is no *Young* exception for suits based on state law against state officials. As the Supreme Court explained in *Pennhurst State School &*

*Hosp. v. Halderman*, 465 U.S. 89, 105 (1984), courts engage in the fiction of allowing suits to proceed against state officials in their official capacities because Eleventh Amendment immunity must be reconciled with the constitutional command to maintain the supremacy of federal law.  It is this federalism concern that prompted courts to allow suits for prospective relief based on federal law to proceed against state officials in federal court.  However, when the allegedly illegal official conduct violates state law only, the Supremacy Clause is not implicated; the Eleventh Amendment, therefore, acts as a complete bar to the suit, regardless of the remedy sought.  *Id.* at 106.  Accordingly, the court grants the State Defendants' Motion with respect to Counts 3 and 10.

### 3.  Punitive Damages (Count 11)

The State Defendants also argue that the court should dismiss Shipley's claim for punitive damages.  Shipley's Complaint lists punitive damages as a separate count.  The State Defendants treat this count as asserting a state law cause of action and argue that the claim is barred by the Eleventh Amendment.  A request for punitive damages, however, does not constitute a separate cause of action.  Rather, the court reads the Complaint as requesting punitive damages based on the first ten counts of the Complaint.

The State Defendants do not argue that they should not be subject to punitive damages on any of Shipley's claims.[3]  Because a request for punitive damages does not constitute a separate cause of action based on state law, and because the State Defendants have provided no basis for dismissing the request for punitive damages as to any of Shipley's claims, the court denies the State Defendants' Motion as to Count eleven.

B.  Individual Capacity Defendants' Motion

The Individual Capacity Defendants have moved to dismiss Counts 1, 2, and 9 on the grounds that they are not subject to suit in their individual capacities on these claims.  At the May 30, 2006 hearing, counsel for Shipley conceded that the defendants could not be sued in their individual capacities under Title VII or Title IX.  The court agrees and grants the Individual Capacity Defendants' Motion in its entirety.

**1.  Title IX (Counts 1 and 2)**

By its plain language and Supreme Court precedent interpreting the legislation, Title IX is directed at institutional recipients of federal financial

---

[3]Punitive damages may not be available against the State Defendants on Shipley's remaining claims.  *See* 42 U.S.C. 1981a.  Because the State Defendants have not addressed the availability of punitive damages with respect to any of Shipley's claims, the court need not address this issue.

assistance and applies only to those grant recipients. *See* 20 U.S.C. 1681(a) (prohibiting sex discrimination at "any education program or activity receiving Federal financial assistance"); *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 641 (1999) ("The government's enforcement power may only be exercised against the funding recipient."); *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459 (1999) (holding that the NCAA was not subject to suit under Title IX, despite the indirect benefit it received from federal education grants, because it was not a grant recipient). Further, courts have consistently concluded that Title IX does not subject school officials to liability in their individual capacities. *See*, *e.g.*, *Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999); *Kinman v. Omaha Pub. School Dist.*, 171 F.3d 607 (8th Cir. 1999); *Floyd v. Waiters*, 133 F.3d 786, 789 (11th Cir.), *vacated and remanded*, 525 U.S. 802 (1998); *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 901 (1st Cir. 1988); *Smith v. Metro. School Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997). Consequently, the court concludes that the Individual Capacity Defendants are not subject to liability in their individual capacities under Title IX. The court therefore grants the Individual Capacity Defendants' Motion as to Counts 1 and 2.

    **2. Title VII (Count 9)**

Shipley also seeks damages against the Individual Capacity Defendants under Title VII. Title VII prohibits employers from engaging in discriminatory employment practices. *See* 42 U.S.C. § 2000e-2. Individual employees, including supervisors, are not liable as employers under Title VII. See *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir. 1993). Therefore, the Individual Capacity Defendants are not subject to liability in their individual capacities under Title VII. The court grants the Individual Capacity Defendants' Motion as to Count 9.

C. Oyama's Motion

Gary Oyama, in his individual capacity, contends that the court lacks personal jurisdiction over him because Shipley never served him with the Complaint. At the May 20, 2006 hearing, counsel for Shipley acknowledged that Mr. Oyama was not served with the Complaint. Counsel did not offer an explanation for the failure to serve Mr. Oyama.

Shipley filed her Complaint on March 3, 2005. Over a year has passed and Mr. Oyama still has not been served with the Complaint. Rule 4(m) of the Federal Rules of Civil Procedure directs that:

> If service of the summons and complaint is not made upon a defendant with 120 days after the filing of the complaint, the court . . . shall dismiss the action without

15

> prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Shipley has not demonstrated good cause for her failure to serve Mr. Oyama. The court therefore grants Oyama's Motion and dismisses the action against him without prejudice.

## IV.  CONCLUSION

For the reasons stated herein, the court GRANTS IN PART and DENIES IN PART the State Defendants' Motion, GRANTS the Individual Capacity Defendants' Motion, and GRANTS Oyama's Motion.

//

//

//

//

//

//

//

//

//

//

//

The following claims survive this Order (excluding Mr. Oyama on all claims):  Counts 1, 2, 9 and 11 against all State Defendants; Counts 4, 5, 6, and 7 against the individually named Defendants in their official capacities to the extent that Shipley seeks prospective relief; and Counts 3, 4, 5, 6, 7, 8, 10, and 11 against the Individual Capacity Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 1, 2006.



_____
J. Michael Seabright
United States District Judge

*Shipley v. Department of Education, et al*, Civ. No. 05-00145 JMS/BMK, Order Granting in Part and Denying in Party Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction; Granting Defendants' Motion to Dismiss Causes of Action I, II, and IX Against Them in Their Individual Capacities; and Granting Gary Oyama's Motion to Dismiss