IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CINDI SHIPLEY, | ) CIVIL NO. 05-00145 JMS/BMK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION; MITSUGI NAKASHIMA, Chairman of the State of Hawaiʻi, Department of Education; PATRICIA HAMAMOTO, Superintendent of Public Schools; MILTON SHISHIDO, Principal of McKinley High School; GARY OYAMA, Principal of Kaimuki High School; ANNE PAULINO, Vice Principal of Kaimuki High School; CYNTHIA CHUN, Principal of King Intermediate; JOHN DOES 1-10 AND JANE DOES 1-10, | ) ORDER GRANTING IN PART AND ) DENYING IN PART ) DEFENDANTS' MOTION FOR ) PARTIAL DISMISSAL FOR ) FAILURE TO STATE A CLAIM ) UPON WHICH RELIEF CAN BE ) GRANTED AND/OR FOR ) PARTIAL SUMMARY JUDGMENT ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AND/OR FOR PARTIAL
SUMMARY JUDGMENT

Plaintiff Cindi Shipley ("Shipley"), a teacher employed by the

Department of Education, contends that the Defendants discriminated against,

harassed and defamed her based on her race and gender; she also claims that the

Defendants retaliated against her for filing grievances with her union and complaints with the Equal Employment Opportunity Commission. In addition to numerous federal civil rights causes of action, Shipley asserts the following causes of action based on state tort law: intentional infliction of emotional distress ("IIED"), defamation, libel, and "holding Plaintiff in a false light" (collectively, "tort claims").

On June 23, 2006, the Defendants filed a Motion for Partial Dismissal for Failure to State a Claim Upon Which Relief Can be Granted and/or for Partial Summary Judgment. The Defendants argue that Shipley's tort claims are barred by the statute of limitations. In addition, they argue that any of Shipley's tort claims not barred by the statute of limitations are barred under the doctrine of collateral estoppel.

For the reasons stated herein, the court GRANTS IN PART and DENIES IN PART the Defendants' Motion.

## I. BACKGROUND

It would be an impossible task for the court to construct a coherent timeline summarizing the factual allegations in this case. The Complaint often omits the dates on which key events allegedly occurred and seldom ties factual allegations to particular causes of action. Though the Complaint was already

confusing and disjointed, the Defendants managed to further muddy the waters; in the instant motion pertaining to Shipley's tort claims, the Defendants make no attempt to define the claims they discuss or to provide a coherent narrative of events. Rather, they list a series of deadlines by which Shipley should have filed various "claims," with little explanation regarding the substance of these claims or the time when such claims accrued. Clarification from Shipley was not forthcoming as she failed to file any response to the Defendants' motion.[1]

Fortunately, at the August 9, 2006 hearing, the parties were in almost complete agreement concerning how the court should rule on the instant motion. Shipley agreed that the statute of limitations on her tort claims is two years and that many of her tort claims are barred as a result. The Defendants agreed that the instant motion does not properly seek summary judgment on the merits of any of Shipley's tort claims. They agreed that, in order to avoid prejudice to Shipley resulting from her attorney's failure to file an opposition, the court should limit its ruling to the following legal matters: (1) what limitation period applies to Shipley's tort claims and (2) whether collateral estoppel applies to a particular issue decided in an arbitration.

---

[1] On August 10, 2006, without explanation or leave of court, and one day after the hearing on the Defendants' motion, Shipley submitted a "Declaration of Cindy Shipley." The court has not considered this late-filed document.

For purposes of placing in context the court's ruling on the statute of limitations, the following time periods are relatively clear.  All of the factual allegations contained in Shipley's Complaint occurred between sometime in 1999 and sometime in 2004; though Shipley alleges that the Defendants have harassed, discriminated against, and retaliated against her "to the present day," the latest concrete allegation for which she provides a date occurred in 2004.  Complaint ¶¶ 56-57.  During the specified period, Shipley taught at five different public schools on Oahu; at each school, the Defendants allegedly discriminated against, retaliated against, defamed, and/or harassed her.  Shipley taught at McKinley High School from 1999 until 2000 and again from 2001 to 2002; she spent the 2000-2001 school year teaching at Kalani High School.  From about April to June 2002, Shipley taught at Palolo Elementary School.  In August 2002, Shipley transferred to Kaimuki High School.  Shipley began teaching at King Intermediate School sometime in 2003.

Given the nature of the events described in the Complaint, it appears that, with one exception, Shipley was aware of the basis of any legal claims as the allegedly tortious conduct occurred.  The one exception is as follows:  Shipley contends that the Defendants wrongfully placed a grievance that she filed while teaching at McKinley in her file and that she did not discover the grievance in her

file until June 2004.  Thus, she claims she was not aware of any claims based on the appearance of the grievance in her file until June 2004.

While teaching at the various schools discussed above, Shipley filed several union grievances.  The Defendants assert that some of Shipley's state tort claims are precluded as a result of an arbitration decision ("the King arbitration") that arose out of a grievance Shipley filed regarding her rejected application to teach at King Intermediate.  The King arbitration stated that the principal and vice principals who reviewed Shipley's application for the King Intermediate job "did not go beyond the interview to check with past supervisors or ask of her evaluations and references . . . .  Their assessment of [Shipley] was based almost exclusively on the interview and the application form that she completed[.]"  Exh. 9 to Defendant's Motion for Partial Dismissal at 9.  Shipley's Complaint alleges that the Defendants conspired with one another to deny Shipley the job at King Intermediate.  The Defendants argue that Shipley should be precluded from asserting a claim inconsistent with the King arbitration regarding the Defendants' conduct in considering her application at King.

## II.  LEGAL STANDARD

Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be

resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). When "matters outside the pleadings are presented to and not excluded by the court," as has occurred in the instant case, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(c).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). The burden initially lies with the moving party to show that there is no genuine issue of material fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Nevertheless, "summary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (quoting *Celotex*, 477 U.S. at 322).

III. ANALYSIS

**A. Statute of Limitation**

    Each of Shipley's tort claims is subject to a two-year statute of limitations. Hawaii Revised Statutes ("HRS") § 657-7 sets forth a two-year limitation period on actions for recovery for damage to persons or property, and this limitation period applies to IIED claims. *Lesane v. Hawaiian Airlines*, 75 F. Supp. 2d 1113 (D. Haw. 1999); *Linville v. Hawaii*, 874 F. Supp. 1095 (D. Haw. 1994) (stating that HRS § 657-7 "applies to Plaintiff's personal injury claims of negligent and intentional infliction of emotional distress and negligence"). HRS § 657-4 provides that "[a]ll actions for libel or slander shall be commenced within two years after the cause of action accrued, and not after." Hawaii courts have held that HRS § 657-4 also applies to defamation claims. *Hoke v. Paul*, 65 Haw. 478, 483, 653 P.2d 1155, 1159 (1982) (overruled on other grounds). Though there is no case law discussing what statute of limitations applies to a false light invasion of privacy claim, the court concludes that a Hawaii court would apply HRS § 657-4 to false light claims given their similarity to defamation claims.[2]

---

[2] A claim of false light differs from defamation primarily in that for a false light claim, "[i]t is enough that [a plaintiff] is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." *Chung v. McCabe Hamilton & Renny Co., Ltd.*, 109 Haw. 520, 534, 128 P.3d 833, 847 (2006) (citing Restatement (Second) of Torts § 652E, cmt. b (1997)).

Shipley's tort claims accrued when she was aware of the factual basis for her claims. Thus, her IIED claims accrued when she "discover[ed], or through the use of reasonable diligence should have discovered, (1) the damage; (2) the violation of the duty; and (3) the causal connection between the violation of the duty and the damage." *Anderson v. State*, 88 Haw. 241, 247, 965 P.2d 783, 789 (1998) (citing *Hays v. City & County of Honolulu*, 81 Haw. 391, 396, 917 P.2d 718, 723 (1996)). Likewise, her defamation/false light claims accrued when she "discover[ed] or reasonably should have discovered the publication of the defamation." *Hoke*, 65 Haw. at 483, 653 P.2d at 1159 (1982).

Shipley filed the instant lawsuit on March 3, 2005. Thus, any claims that accrued prior to March 3, 2003 are time-barred. With one exception, Shipley discovered, or through the exercise of due diligence should have discovered, the basis for her claims as the events described in the Complaint occurred. Consequently, Shipley's claims based on events that occurred while she was employed at McKinley, Kalani, Palolo, and Kaimuki are time-barred. Shipley's Complaint alleges that she did not become aware that a grievance she filed while at McKinley had been placed in her record until June 2004. To the extent this allegation forms the basis of a tort claim, any such claim is not time-barred.

Shipley's Complaint also contains several allegations relating to her experience at King Intermediate. Complaint at ¶¶ 53-55. Shipley does not provide dates for these occurrences, but it appears that the alleged events must have occurred sometime in 2003. To the extent any of these allegations occurred after March 3, 2003 and forms the basis of a tort claim, any such claim is not time barred.

To summarize, the court cannot rule as to particular tort claims because it is unclear what factual allegations form the basis of what tort claims or when certain events occurred. Nonetheless, all of Shipley's tort claims are governed by a two-year statue of limitations; therefore, any claims that accrued prior to March 3, 2005, including claims based on events occurring at McKinley, Kalani, Palolo, and Kaimuki, are time-barred.

**B.  Collateral Estoppel**

Collateral estoppel precludes the relitigation of an issue that was previously decided in a suit between the same parties or those in privity with the original parties. *Lingle v. Hawaii Gov't Employees Ass'n*, 107 Haw. 178, 186, 111 P.3d 587, 595 (2005). Hawaii courts have held that collateral estoppel applies to

issues decided in arbitration.[3]  In *Dorrance v. Lee*, the Hawaii Supreme Court stated that a "[j]udgment based upon an arbitrated award is a final judgment which can have collateral estoppel effect."  90 Haw. 143, 145, 976 P.2d 904, 906 (1999). *See also Lingle*, 107 Haw. at 186, 111 P.3d at 595 (applying the test for collateral estoppel to an arbitration decision on an alleged violation of a collective bargaining agreement).

> Collateral estoppel bars relitigation of an issue where:
>
> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question;
> (2) there is a final judgment on the merits;
> (3) the issue decided in the prior adjudication was essential to the final judgment; and
> (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Dorrance*, 90 Haw. at 149, 976 P.2d at 910.  A party asserting collateral estoppel must satisfy all four of these elements.

       The Defendants assert that collateral estoppel precludes Shipley from asserting any tort claims premised on an alleged conspiracy among the Defendants to deny Shipley the teaching position at King.  In the King arbitration, the

---

[3] The Defendants argue that collateral estoppel bars Shipley's tort claims, not her federal law claims.  The court's ruling therefore does not address the more complicated issue of whether an arbitration arising out of a collective bargaining agreement can form the basis for collateral estoppel or res judicata of actions brought pursuant to federal civil rights statutes.

arbitrator found that the Defendants based their decision not to hire Shipley solely on her interview and her application; they did not reach out to former supervisors or co-workers to obtain information about Shipley's prior work performance.  The Defendants contend that the King arbitration ruling that the Defendants did not consult one another about Shipley precludes Shipley from now arguing that the Defendants defamed her to one another or conspired against her while she was seeking the position at King.

> The court agrees that Shipley is estopped from arguing that the Defendants consulted with one another in denying her the position at King.  The arbitrator's decision meets all four requirements of collateral estoppel:  (1) the factual issue decided in the arbitration -- that is, what factors were considered in denying Shipley's transfer to King Intermediate School -- is identical to an issue presented in the instant action; (2) the King arbitration decision was final and on the merits because no action was brought to vacate or modify the decision; (3) the issue decided in the King arbitration was essential to the decision; and (4) the party against whom collateral estoppel is asserted (Shipley) was a party to the King arbitration.

> Thus, Shipley is barred from relitigating the issue of what facts Chun and others considered in their decision to deny Shipley's transfer to King.  To the

extent any of Shipley's tort claims within the statute of limitations is based on alleged communications among the Defendants while they considered her application to transfer to King Intermediate School, relitigation of such alleged communications is precluded by King arbitration decision.

## CONCLUSION

For the reasons discussed herein, the Defendants' motion is GRANTED IN PART and DENIED IN PART. The court concludes that a two-year statute of limitations applies to all of Shipley's tort claims; any claims that accrued before March 3, 2003 are time-barred. The court also concludes that collateral estoppel applies to the arbitrator's decision that the Defendants considering Shipley's application to transfer to King relied only on Shipley's application and interviews in making their decision. To the extent Shipley seeks to argue that her rejection from King was the result of conversations among the Defendants during the hiring process, she is precluded from doing so.

At the August 9, 2006 hearing, the court ordered the parties to meet and confer to determine whether they can stipulate to dismiss any claims based on evidence produced by the Defendants in support of their motion. When the parties meet and confer, they should also discuss which of Shipley's claims are dismissed against which Defendants as a result of this order.

At the hearing, the court also granted the Defendants leave to file an additional motion for summary judgment in this case. The forthcoming motion for summary judgment and the opposition to that motion must clearly state what claims are being addressed, which parties would be affected by the proposed ruling, and which, if any, claims would remain for trial. As this court is so often called upon to do, it again cautions counsel for Shipley to file a <u>timely</u> opposition, or statement of no opposition, to Defendants' motion for summary judgment. Failure to do so will likely result in sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 23, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Shipley v. State of Hawaii, Department of Education et al.*, Civ. No. 05-00145 JMS/BMK, Order Granting in Part and Denying in Part Defendants' Motion for Partial Dismissal for Failure to State a Claim Upon Which Relief Can be Granted and/or for Partial Summary Judgment

13